**SOCONY-VACUUM OIL CO., INC., Plaintiff-Appellant, v. MARSHALL et, Defendants-Appellees.**

Ohio Appeals, Second District, Greene County.

No. 550. Decided April 21, 1955.

John C. Fontana, Joseph P. Kinneary, Columbus, for plaintiff-appellant.

Smith & Smith, Xenia, By George H. Smith, of Counsel, for Ralph Marshall.

John Gibney, Xenia, for Ray E. Harrison, Defendant-Appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Municipal Court of Xenia.

Plaintiff brought an action on an account for merchandise sold and delivered, and prayed for judgment in the sum of $605.53. The defendant, Marshall, answered denying any liability; the defendant, Harrison, filed a general denial and by way of a cross-petition alleged that by reason of the business transactions between the parties there was due him from the plaintiff the sum of $1527.90. Plaintiff filed a reply in the nature of a general denial.

The cause was tried to a jury, which returned a verdict in favor of defendant, Harrison, on his cross-petition in the sum of $900.00. Judgment was entered on the verdict and a motion for new trial was overruled.

Plaintiff-Appellant assigns as error: Error in striking from the record Exhibit B, and in failing to provide the jury with the proper forms of verdicts.

The original bill of exceptions disclosed an apparent error in the submission of the forms of verdict. The bill was corrected by the trial judge, and as the record now stands we find no error in the submission of the verdicts.

An employee of plaintiff company, Mr. Evans, who was in charge of credits, while testifying in chief identified what was marked as Plaintiff's Exhibit B. He testified that Exhibit B "is a reflection of the ledger of the transactions of the purchases and payments." The exhibit was introduced into evidence without objection. On cross-examination, Evans testified as follows:

"Q: Exhibit 'B' is made up from the ledger and is supposed to be a complete record, is it not?

"A: Yes.

"Q: This attachment on the pleadings is reflected in the summary of the ledger sheets, is that correct?

"A: Yes."

It was later developed on cross-examination that Exhibit B did not contain all the credits. The defendant contended that Exhibit B was at variance with the itemized statement of debits and credits, attached to and made a part of the petition, and suggested that plaintiff amend its petition; but plaintiff determined to stand on its petition and the itemized statement attached thereto. Thereupon, the court struck Exhibit B from the record.

Plaintiff contends that in striking Exhibit B the court deprived the plaintiff of proving its cause of action founded on an account, and further deprived plaintiff of offering a defense to the cross-petition. After the exhibit was stricken, counsel for plaintiff made no effort to make up the record and to save the question for the reviewing court. Exhibit B is not in the record by proffer. It does not definitely appear from the testimony from what records Exhibit B was taken; whether it consisted of a book of original entry, as counsel now contends, or whether it was made up from the ledger, or a reflection of the ledger, as Evans testified. The question as to the admissibility of Exhibit B is not properly presented. Because of the state of the record the presumption attends that the court acted correctly.

Assuming without deciding that the court erred in striking the exhibit from the record, it does not appear to be prejudicial. Counsel for defendant repeatedly stated during the trial that the defendant accepted the figures in the itemized statement attached to the petition on which plaintiff elected to stand. The question as to the amount due the plaintiff, if any, or the amount due the defendant on his cross-petition, if any, hinged on the testimony presented by both plaintiff and defendant, respecting certain credits and whether plaintiff had not struck a balance on the account on February 28, 1949. If the jury accepted the evidence presented by the defendant, a verdict in favor of the defendant was properly rendered. We are not here concerned with the amount of the verdict. The evidence would have warranted a verdict for a larger amount, but the defendant is not complaining.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.